Rrevard, J.,
declared the opinion of the whole court, after stating the case. It does not appear probable, from all the circumstances of the case, that the sheriff, who made the sale, was cognizant at that time of the fact, that the land lay in another county, to which his authority did not extend; and it is equally probable the plaintiff, at the time of the contract, was also ignorant of that fact. That fraud, or intentional misrepresentation, can with propriety be imputed to the plaintiff, has not been contended. The principal ground of objection to the discount, or defence, which has been insisted on, is, that the land in question, and the validity of the sheriff’s sale, did not constitute the prime object, and most material consideration, in the view and judgment of the defendant in making the contract; but that the obtaining assignments of the judgments against Saunders, was the principal object, and the acquisition of the land, by a sale under one of the judgments, was a collateral and inferior inducement, of secondary consideration, in the formation of the contract. This ground of objection, however, is altogether unsupported by evidence. The condition of the bond, which has been referred to, in order to shew the cause and consideration of the obligation, cannot be considered as the only or best evidence, for that purpose. The testimony of Judge Johnson is clear and conclusive, to prove that the primary object of the contract, on the part of the defendant, was the title to the land in question, under the sale made by the sheriff, which was represented as having taken place as a legal and valid sale at the time of the contract. That sale now appears to have been illegal. The plaintiff, however, contends, on another ground, that although it should be considered, as sufficiently evident, that the land was the- principal object of the contract, yet it has not been proved that this object was not attainable by the use of reasonable diligence. That if the expectations of the defendant have been disappointed, with regard to the land, it is attributable to his own neglect, and not to any fault of *272 P^a‘nt’®' That the consideration has not failed ; or if it hag failed, the plaintiff, is not to blame ; and that the defence cannot be legally maintained. However plausible this argument may appear* it is certainly unsatisfactory and inconclusive. The defendant entered into the contract under a belief that the sale by the sheriff was lawful, and that his conveyance would be valid. The sale was not lawful, and, therefore, void. The transfer could not be effectuated in the manner contemplated, and expected by the parties ; and the defendant was totally disappointed in the main object he had in view in making the contract. It is not necessary to en-quire, whether, if the defendant had exercised all the care, skill* and diligence, which he might have employed, he might not have succeeded in obtaining a valid sheriff’s title to the land under the same judgment, by another sheriff. It is sufficient to say, that by the terips of the contract, and according to its true spirit and intention* 'the defendant was under no obligation to exert such care and diligence ; and that in such a case as this, it may possibly happen, that the views of a party may be utterly frustrated by a mistake such as took place in this case, and the consideration of the contract entirely fail, notwithstanding all the diligence and care that could be used to avoid such a result. But it has been further con. tended, in behalf of the plaintiff, that a solemn contract, by deed* cannot thus be rescinded, or annulled, by reason of a partial failure of the consideration ; and more especially because there is no power in a court of law to do complete justice between the parties* by compelling the defendant to re-assign the judgments in question to the plaintiff. Before going into the consideration of this ground of objection, it will be proper to remark, that, at the trial, the defendant offered to re-assign ; and that a new trial may be granted upon the express condition that he shall re-assign the judgments to the plaintiff, bofore he shall be allowed the benefit of the defence which he has set up. With regard to the question, whether the operation of a contract may be avoided on the ground of an implied warranty, on the part of a grantor, or bargainer, if it were to depend on the law of England, as it appears to be well established* it seems clear that no such implied warranty could be raised, as-that which is in this case insisted on as the foundation of the defendant’s claim. By the law of England, implied warranties may arise from the known usages of trade, because both parties are presumed to have engaged on such terms. For the same reason the vendor is always understood to warrant the title of the thing sold. But as to the soundness, or sufficiency, qualities, or qualifications, *273 (of the subject of sale, no warranty by the English law can be implied. If any deceit is practised by the seller, it will be equivalent to an express warranty; but if there is no unfairness in the transaction, and both parties have an equal opportunity of ascertaining the true situation, condition, and qualities, of the thing, or subject, in question, and either or both of them'should be mistaken, and the thing should, in truth, be of much less value than it was believed to be worth at the time of the sale, owing to some latent defect, or other cause, not discoverable by the exertion of common circum- ' speciion and care, the maxim, caveat emptor, applies ; and the pur. chaser is considered as suffering by his own neglect, in not having taken care to secure himself by an express warranty. See 2 East. 314. Doug. 20. The same doctrine holds where a covenant of seizin is omitted. It must be confessed, that this doctrine seems rather calculated to encourage injustice, than to inculcate correct-principles of moral duty. Mr. Woodeson, indeed, lays down a different doctrine, and has adopted the broad and liberal rule of the civil law, which raises an implied warranty from the fairness and fullness of the price paid, upon this clear and reasonable ground, ' that in the contract of sale, the purchaser is not supposed to part with his money, but in expectation of an adequate advantage, or recompense. See 2 Woodd. Lect. 415. But no authority is cited in support of this doctrine, whicjh. is contradicted by a current of decisions in the English Courts of law. These decisions go to establish this doctrine, that in the contract of sale there must either be an express warranty, or some fraud, or deceit, in the contract, to entitle the vendee to redress. I do not know that this doctrine was ever received and adopted in this State ; but if it ever was received as law here, it seems to have been long since repudiated and exploded. It is not necessary to inquire how or by what authority the more liberal rule of the civil law has been introduced. Suffice it to say, that it has been introduced and accepted as the law of this State, and has been acquiesced in for a series of years past; and that its superior excellence has been generally felt and acknowledged, According to that rule, if the defect, or deficiency, in the thing sold, or subject of the contract, is unknown to both parties at the time of the sale, or agreement, the seller, or he who has received the equivalent, is bound to restore what he has received. The purchaser, in such case, is bound to return, or offer to return, the thing sold, or received by him, or to do what is equitable and right on his part to be dene, within a reasonable time, in arder to rescind the contract, and place the parties in statu quo. If *274 the seller, at the time of sale, had a knowledge of the defect, or deficiency, and the buyer was ignorant of it, the seller in such case, ’s not only bound to restore the price, but to make reparation in damages for the deceit. In both cases there is a natural implied warratlfy 0f the thing sold, that it is not materially different in value from what it appears, or is represented to be; and it is always presumed, that had the parties been fully apprized of the defect, or deficiency, at the time of the contract, the price, or consideration, would have been different. That the value of the thing, or subject of sale, would have been materially different in the estimation of both parties. The application of this doctrine in the present case is easy, and decisive of the question raised on the last ground, upon which the defence of the defendant to the plaintiff’s demand has been resisted. It has appeared, to the satisfaction of the court, from the evidence reported by the judge who presided at the trial, that the defendant was deceived and disappointed in his views, in the contract in question, not from his own fault, or want of due care and vigilance on his part, but from the misrepresentations of the plaintiff. I am not disposed to think that the plaintiff intended any deception ; but this will not vary the question as it regards the legal propriety of the defence insisted on by way of discount, though it may be allowed in some cases to vary the measure, or quantum, of the discount, or compensation insisted on.
Upon the whole, it is the unanimous opinion of this court, that the defendant is entitled to the benefit of a new trial on the ground of misdirection. It is, therefore, ordered, that the verdict be set aside, and a new trial granted, upon condition that the defendant re-assign the judgments in question, in case of a verdict in his fa. vor, before he shall be allowed to enter up his judgment.